UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN KINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-361-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF DANVILLE, KENTUCKY, | ) | |
| and OFFICER PEDRO LEMOS, in his | ) | |
| Individual and Official Capacity, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff John Kinley's second motion for leave to amend his complaint. [Record No. 25] The Court granted Kinley's first motion to amend on February 14, 2013, permitting him to add a claim for negligence against the City of Danville. Kinley now seeks to assert a sixth count, which contains a claim for retaliation against the City of Danville. Specifically, the requested amendment alleges that the City of Danville failed to investigate a November 25, 2011, hit-and-run accident in which he was a victim, as retaliation for his previous lawsuit against the Danville Police Department. The motion for leave to amend is timely under the Scheduling Order entered on January 23, 2013. [Record No. 8] However, Defendants City of Danville and Pedro Lemos oppose the requested amendment on grounds of undue prejudice and futility. For the reasons explained below, the Court will deny Kinley's motion to amend.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant a motion for leave to amend lies within the sound discretion of the district court; however, the United States Supreme Court has instructed that Rule 15's permissive language "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal policy of granting amendments is premised on the desirability of hearing the plaintiff's claims on the merits. *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986). Generally, a plaintiff's motion for leave to amend should be granted absent a justifiable reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. In applying these factors, the Sixth Circuit has repeatedly emphasized that "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citations omitted).

The defendants assert that the requested amendment would unduly prejudice them "on multiple levels" because Kinley has failed to identify the legal basis for his proposed claim. [Record No. 26, p. 3] Indeed, the proposed amendment does not cite any constitutional, statutory, or common law authority for the claim, and it is unclear whether the cause of action is based on state or federal law. Further, the defendants point out that Kinley was deposed on May 31, 2013. They argue that they will be required to reopen his deposition if Kinley's motion to amend is granted, resulting in additional court reporter costs and attorneys' fees.

To determine whether a requested amendment would result in prejudice to the defendants, the Court must consider whether granting leave to amend would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Although the proposed amendment is not likely to delay the discovery deadlines in this matter, it does appear that the parties would be required to reopen Kinley's deposition if the motion to amend is granted. Kinley contends that the defendants "had an opportunity to examine the Plaintiff on these allegations at his deposition . . . when the Plaintiff first brought the issue to [light]." [Record No. 25, p. 3] However, as the defendants point out, neither the original Complaint nor the Amended Complaint contains any factual allegations or claims concerning the hit-and-run investigation. Therefore, the defendants could not have been aware during the May 31, 2013 deposition that Kinley intended to assert a claim against them on the basis of that incident. Because there was "no need to ask questions related to events that were not relevant to the allegations in the complaint," the defendants did not conduct Kinley's deposition in the manner that they would have if they had been on notice of the claims contained in his proposed sixth count. [Record No. 26, pp. 3-4] The prejudice stemming from the additional costs associated with reopening Kinley's deposition weighs against granting leave to amend in this case.

Additionally, the defendants argue that the proposed amendment would be futile because it "does not state a legally cognizable action." [*Id.*, p. 4] Futility exists if "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Kinley alleges that the City of Danville failed to

"fulfill their legal obligation to the Plaintiff as a citizen of Danville, Kentucky in adequately investigating the crime and identifying the violator." [Record No. 25, p. 3] However, a private citizen has "no 'judicially cognizable interest in the prosecution or nonprosecution of another.'" *Bertovich v. Vill. of Valley View, Ohio*, 431 F. App'x 455, 460 (6th Cir. 2011) (quoting *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008)). Therefore, the Sixth Circuit has consistently held that "citizens have 'no statutory or common law right, much less a constitutional right, to an investigation.'" *Id.* (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)); *see also White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002). Therefore, the City of Danville's alleged failure to investigate the hit-and-run accident did not violate any of Kinley's legal rights, and Kinley's proposed retaliation claim fails as a matter of law.[1] Because the proposed amendment could not withstand a motion to dismiss under Rule 12(b)(6), the Court will deny Kinley's motion for leave to amend.

Accordingly, it is hereby

**ORDERED** that Plaintiff John Kinley's Motion to Amend the Amended Complaint [Record No. 25] is **DENIED**.

This 5th day of July, 2013.



**Signed By:**
*Danny C. Reeves*  DCR
**United States District Judge**

---

1  The Court also agrees with the defendants that "there is no nexus between the City's failure and Kinley's alleged damages — specifically, the inability to pursue compensation from the offender." [Record No. 26, p. 4] Civil remedies do not depend on the criminal conviction or investigation of the alleged tortfeasor.